UNITED STATES of America ex rel. Burdette HADLEY, alias James Hadley, Petitioner,

v.

Robert E. MURPHY, as Warden of Auburn State Prison, Auburn, New York, Respondent.

Civ. No. 7641.

United States District Court
N. D. New York.
June 12, 1959.

See also 177 F.Supp. 788.

**150**

JAMES T. FOLEY, District Judge.

The petitioner files a poor set of papers difficult to analyze as to the background and history of his criminal problems. The title and his prayer for relief indicate that he wants a writ of error coram nobis directing that the Marion County Circuit Court, State of Oregon, grant him permission to appear in person and argue orally that a 1929 conviction rendered against him be set aside. He cites for this relief United States ex rel. Savini v. Jackson, 2 Cir., 250 F.2d 349, but such authority does not grant the power to this Court nor does it have the power to direct a hearing in the Oregon State Court and order the State of New York to transport the petitioner to Oregon for such hearing.

However, the papers do contain statements that it is a petition for a writ of habeas corpus. From the papers a federal question may be presented, because it is the claim of the petitioner that when he pleaded guilty in 1929 to forgery in Oregon he was fifteen years old, had a sixth grade education, and was without money, friends and family. The papers also state that he was resentenced as a third felony offender in New York County under the New York Multiple Offender Law, McKinney's Consol. Laws, c. 40, Penal Law, § 1941, in 1945, intimating the Oregon conviction was used against him. The papers indicate he has pursued remedies, and may have exhausted them, in the Oregon State courts and been denied certiorari in the United States Supreme Court. Hadley v. People of State of Or., 359 U.S. 993, 79 S.Ct. 1124, 3 L.Ed.2d 981.

I am frank to say it is difficult to follow with intelligence the maneuvers of the petitioner in this Federal Court. Judge Brennan denied a previous application by memorandum-decision dated July 9, 1958, and reargument by memorandum-decision dated July 25, 1958. His denial was based upon the ground that petitioner had not exhausted his State remedies in Texas concerning a conviction there which the petitioner challenged. In his second opinion Judge Brennan states that he was involved as a parole violator in California, and now has a parole violator status in his confinement in New York. We now move to Oregon, which seems to be a different issue from that presented to Judge Brennan.

I shall accept the papers as proper application for a federal writ of habeas corpus, and shall issue an order to show cause why the writ should not be granted to the Attorney General and the District Attorney of New York County pursuant to 28 U.S.C.A. § 2243, returnable June 29, 1959.